TARA K. MCGRATH
United States Attorney
NICHOLAS W. PILCHAK
California Bar No. 331711
Assistant U.S. Attorney
880 Front Street, Room 6293
San Diego, California 92101
Telephone: (619) 546-9709
Email: Nicholas.Pilchak@usdoj.gov

Attorneys for the United States

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| UNITED STATES OF AMERICA, | Case No. 23cr1926-JLS |
|---|---|
| Plaintiff, | |
| v. | PLEA AGREEMENT |
| FLOR SILEING CHAM, | |
| Defendant. | |

IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF AMERICA, through its counsel, Tara K. McGrath, United States Attorney, and Nicholas W. Pilchak, Assistant U.S. Attorney, and Defendant, FLOR SILEING CHAM, through her counsel, Jesus Mosqueda, as follows:

**I**

**THE PLEA**

Defendant agrees to waive indictment and plead guilty to a criminal Information, charging Defendant with Introduction of Misbranded Drugs in Interstate Commerce, in violation of Title 21, United States Code, Sections 331(a) and 333(a)(1).

Def. Initials F.C

## II

### NATURE OF THE OFFENSE

**A.    ELEMENTS EXPLAINED**

The offense to which Defendant is pleading guilty has the following elements:

1.    The defendant introduced in interstate commerce;

2.    A drug or device;

3.    That was adulterated or misbranded.

**B.    ELEMENTS UNDERSTOOD AND ADMITTED — FACTUAL BASIS**

Defendant has fully discussed the facts of this case with defense counsel.  Defendant has committed each of the elements of the crime, and admits that there is a factual basis for this guilty plea.  The following facts are true and undisputed:

1.    Defendant operated a beauty spa in Mexicali, Mexico.  Between at least November 2016 and February 2020, Defendant repeatedly smuggled injectable botulinum toxin and lip fillers from Mexico into the United States.

2.    Specifically, Defendant smuggled Xeomeen and the injectable lip filler Probcel, neither of which is approved by the U.S. Food and Drug Administration for use in the United States. These drugs and devices were also misbranded, in that they were not properly labeled for use in the United States, because they were generally labeled in Spanish.

3.    Defendant sold and administered some of the smuggled drugs and devices directly to customers inside the United States. She also sold multiple shipments of hundreds of units of the unapproved drugs and devices to Dr. Tien Tan Vo, charged elsewhere, in exchange for tens of thousands of dollars. Defendant admits that the drugs and devices sold to Dr. Vo were introduced in international and interstate commerce.

4.    Defendant separately sold a total of $6,485 of misbranded and unapproved drugs and devices to an undercover agent of the Department of Homeland Security.  These unapproved drugs included counterfeit Viagra and purported lip fillers in pre-loaded syringes contained in vacuum-sealed kitchen bags.

Def. Initials F. C

### III

### PENALTIES

The crime to which Defendant is pleading guilty carries the following penalties:

A.   a maximum of 1 year in prison;

B.   a maximum fine of $1,000 or twice the pecuniary gain or loss;

C.   a mandatory special assessment of $25; and

D.   a term of supervised release of up to 1 year. Failure to comply with any condition of supervised release may result in revocation of supervised release, requiring Defendant to serve in prison, upon revocation, all or part of the statutory maximum term of supervised release.

### IV

### DEFENDANT'S WAIVER OF TRIAL RIGHTS AND UNDERSTANDING OF CONSEQUENCES

This guilty plea waives Defendant's right at trial to:

A.   Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B.   A speedy and public trial by jury;

C.   The assistance of counsel at all stages;

D.   Confront and cross-examine adverse witnesses;

E.   Testify and present evidence and to have witnesses testify on behalf of Defendant; and,

F.   Not testify or have any adverse inferences drawn from the failure to testify.

### V

### DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION

Any information establishing the factual innocence of Defendant known to the undersigned prosecutor in this case has been turned over to Defendant. The United States will continue to provide such information establishing the factual innocence of Defendant.

3

Def. Initials F.C.

1   If this case proceeded to trial, the United States would be
2   required to provide impeachment information for its witnesses. In
3   addition, if Defendant raised an affirmative defense, the United States
4   would be required to provide information in its possession that supports
5   such a defense. By pleading guilty Defendant will not be provided this
6   information, if any, and Defendant waives any right to this information.
7   Defendant will not attempt to withdraw the guilty plea or to file a
8   collateral attack based on the existence of this information.

9                              **VI**

10      **DEFENDANT'S REPRESENTATION THAT GUILTY**
        **PLEA IS KNOWING AND VOLUNTARY**
11

12   Defendant represents that:

13   A.   Defendant has had a full opportunity to discuss all the facts
          and circumstances of this case with defense counsel and has
14        a clear understanding of the charges and the consequences of
          this plea. By pleading guilty, Defendant may be giving up,
15        and rendered ineligible to receive, valuable government
          benefits and civic rights, such as the right to vote, the
16        right to possess a firearm, the right to hold office, and the
          right to serve on a jury. The conviction in this case may
17        subject Defendant to various collateral consequences,
          including but not limited to revocation of probation, parole,
18        or supervised release in another case; debarment from
          government contracting; and suspension or revocation of a
19        professional license, none of which can serve as grounds to
          withdraw Defendant's guilty plea.
20
21   B.   No one has made any promises or offered any rewards in return
          for this guilty plea, other than those contained in this
          agreement or otherwise disclosed to the Court.
22
23   C.   No one has threatened Defendant or Defendant's family to
          induce this guilty plea.
24   D.   Defendant is pleading guilty because Defendant is guilty and
          for no other reason.
25
26
27
28
                              4
                                         Def. Initials F.C.

## VII

### AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE
### SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California and cannot bind any other authorities in any type of matter, although the United States will bring this plea agreement to the attention of other authorities if requested by Defendant.

## VIII

### APPLICABILITY OF SENTENCING GUIDELINES

The sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). In imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory. The Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. Nothing in this plea agreement limits the United States' duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

## IX

### SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The sentence is within the sole discretion of the sentencing judge who may impose the maximum sentence provided by statute. It is uncertain at this time what Defendant's sentence will be. The United States has not made and will not make any representation about what sentence Defendant will receive. Any estimate of the probable sentence by

5

F.C.

Def. Initials _____

defense counsel is not a promise and is not binding on the Court. Any recommendation by the United States at sentencing also is not binding on the Court. If the sentencing judge does not follow any of the parties' sentencing recommendations, Defendant will not withdraw the plea.

**X**

**PARTIES' SENTENCING RECOMMENDATIONS**

**A.    SENTENCING GUIDELINE CALCULATIONS**

Although the Guidelines are only advisory and just one factor the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments, and Departures for this Class A misdemeanor (see USSG § 1B1.9):

| | | |
|---|---|---|
| 1. | Base Offense Level, § 2B1.1(a)(2), 2N2.1(c)(1) | 6 |
| 2. | Loss >$40,000, § 2B1.1(b)(1)(D) | +6 |
| 3. | Acceptance of Responsibility, §§ 3E1.1(a) | -2 |
| 4. | Zero-Point Offender, § 4C1.1 | -2 |
| | | 8 |

**B.    ACCEPTANCE OF RESPONSIBILITY**

Despite paragraph A above, the United States need not recommend an adjustment for Acceptance of Responsibility if Defendant engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following:

1. Fails to truthfully admit a complete factual basis as stated in the plea at the time the plea is entered, or falsely denies, or makes a statement inconsistent with, the factual basis set forth in this agreement;

2. Falsely denies prior criminal conduct or convictions;

3. Is untruthful with the United States, the Court or probation officer;

6

Def. Initials F.C.

4.    Breaches this plea agreement in any way; or

5.    Transfers or conceals property (or properties) that would otherwise be available for payment of restitution.

C.    **FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS INCLUDING THOSE UNDER 18 U.S.C. § 3553**

Defendant may recommend additional downward adjustments, departures, including Criminal History departures under USSG § 4A1.3, or sentence reductions under 18 U.S.C. § 3553. The United States may oppose any such adjustments or departures not set out above.

D.    **NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY**

The parties have no agreement as to Defendant's Criminal History Category.

E.    **"FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION**

The facts in the "factual basis" paragraph of this agreement are true and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

F.    **PARTIES' RECOMMENDATIONS REGARDING CUSTODY**

The parties will jointly recommend that defendant be sentenced to three years of probation in lieu of custody.

G.    **SPECIAL ASSESSMENT / FINE**

1.    **Special Assessment**

The parties will jointly recommend that defendant pay a special assessment in the amount of $25.00 to be paid forthwith at time of sentencing. Defendant shall pay the special assessment through the office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

2.    **Fine**

The parties will jointly recommend a fine of $6,485.00.

Def. Initials ___F.C___

1   **H.   SUPERVISED RELEASE & PROBATION**

2       If the Court imposes a term of probation or supervised release,

3   Defendant agrees that she will not later seek to reduce or terminate

4   early the term of probation or supervised release until he has served

5   at least 2/3 of his term of supervised release or probation and has

6   fully paid and satisfied any special assessments, fine, criminal

7   forfeiture judgment and restitution judgment imposed by the Court.

8                                   XI

9               **DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK**

10      Defendant waives (gives up) all rights to appeal and to collaterally

11  attack every aspect of the conviction and sentence, including any

12  forfeiture or restitution order. The only exception is that Defendant

13  may collaterally attack the conviction or sentence on the basis that

14  Defendant received ineffective assistance of counsel. Defendant also

15  explicitly waives any challenge to the constitutionality of the statutes

16  to which Defendant is pleading. If Defendant appeals, the United States

17  may support on appeal the sentence or restitution order actually imposed.

18                                  XII

19               **BREACH OF THE PLEA AGREEMENT**

20      Defendant and Defendant's attorney know the terms of this agreement

21  and shall raise, before the sentencing hearing is complete, any claim

22  that the United States has not complied with this agreement. Otherwise,

23  such claims shall be deemed waived (that is, deliberately not raised

24  despite awareness that the claim could be raised), cannot later be made

25  to any court, and if later made to a court, shall constitute a breach

26  of this agreement.

27

28

                                    8

                                                Def. Initials F.C.

Defendant breaches this agreement if Defendant violates or fails to perform any obligation under this agreement. The following are non-exhaustive examples of acts constituting a breach:

1.   Failing to plead guilty pursuant to this agreement;

2.   Failing to fully accept responsibility as established in Section X, paragraph B, above;

3.   Failing to appear in court;

4.   Attempting to withdraw the plea;

5.   Failing to abide by any court order related to this case;

6.   Appealing (which occurs if a notice of appeal is filed) or collaterally attacking the conviction or sentence in violation of Section XI of this plea agreement; or

7.   Engaging in additional criminal conduct from the time of arrest until the time of sentencing.

If Defendant breaches this plea agreement, Defendant will not be able to enforce any provisions, and the United States will be relieved of all its obligations under this plea agreement. For example, the United States may proceed to sentencing but recommend a different sentence than what it agreed to recommend above. Or the United States may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement (Defendant agrees that any statute of limitations relating to such charges is tolled indefinitely as of the date all parties have signed this agreement; Defendant also waives any double jeopardy defense to such charges). In addition, the United States may move to set aside Defendant's guilty plea. Defendant may not withdraw the guilty plea based on the United States' pursuit of remedies for Defendant's breach.

Additionally, if Defendant breaches this plea agreement: (i) any statements made by Defendant, under oath, at the guilty plea hearing

9

Def. Initials F.C.

(before either a Magistrate Judge or a District Judge); (ii) the factual basis statement in Section II.B in this agreement; and (iii) any evidence derived from such statements, are admissible against Defendant in any prosecution of, or any action against, Defendant. This includes the prosecution of the charge that is the subject of this plea agreement or any charge(s) that the United States agreed to dismiss or not file as part of this agreement, but later pursues because of a breach by the Defendant. Additionally, Defendant knowingly, voluntarily, and intelligently waives any argument that the statements and any evidence derived from the statements should be suppressed, cannot be used by the United States, or are inadmissible under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and any other federal rule.

## XIII

### CONTENTS AND MODIFICATION OF AGREEMENT

This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral. No modification of this plea agreement shall be effective unless in writing signed by all parties.

## XIV

### DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, Defendant certifies that Defendant has read it (or that it has been read to Defendant in Defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

10

Def. Initials F.C

1

XV

2

**DEFENDANT SATISFIED WITH COUNSEL**

3      Defendant has consulted with counsel and is satisfied with counsel's

4   representation. This is Defendant's independent opinion, and Defendant's

5   counsel did not advise Defendant about what to say in this regard.

6

7                                         TARA K. MCGRATH
                                          United States Attorney

8

9   11/15/2023
    DATED                                 NICHOLAS W. PILCHAK

10                                        Assistant U.S. Attorney

11

    11-15-23                              *Jesus Mosqueda*

12   DATED                                JESUS MOSQUEDA

13                                        Defense Counsel

14

    **IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER**
15   **PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" SECTION ABOVE**
    **ARE TRUE.**

16
    11-14-23
17

18   DATED                                FLOR SILEING CHAM
                                          Defendant
19

20   Approved by:

21

22
    W. Mark Conover
23   Assistant U.S. Attorney

24

25

26

27

28
                                   11
                                                    Def. Initials F.C.